DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

SCOTT SIMEON (NYBN 5012653)
Assistant United States Attorney

    150 Almaden Boulevard, Suite 900
    San Jose, California 95113
    Telephone: (408) 535-5061
    FAX: (408) 535-5066
    scott.simeon@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>SERGIO ANTONIO PADILLA-LOPEZ,<br><br>    Defendant. | CASE NO. CR 17-00237-4 BLF<br><br>**UNITED STATES' SENTENCING MEMORANDUM**<br><br>Date:  June 18, 2019<br>Time:  9:00 A.M.<br>Court: Hon. Beth Labson Freeman |

For the reasons below, the government respectfully recommends that the Court sentence defendant Sergio Antonio Padilla-Lopez to 57 months of imprisonment followed by 3 years of supervised release.

**I.   Sentencing Guidelines Calculation**

On March 5, 2019, the parties signed a plea agreement (Doc. 98) in which they agreed to calculate the defendant's offense level based on a mixture-or-substance weight of 17.7 pounds, i.e., approximately 8 kilograms of a substance containing a detectable amount of methamphetamine. The parties arrived at this agreement because Mr. Padilla had indicated to the government his intent to plead guilty before the DEA laboratory issued its chemical analysis report showing an actual methamphetamine weight of 7.96 kilograms. Although both parties conducted additional investigation

to resolve certain legal and factual matters, the parties based their agreement on the weight of the controlled substance known at the time Mr. Padilla first indicated his intent to enter a guilty plea. The U.S. Probation Office has calculated the defendant's offense level based on the pure methamphetamine weight, which is correct given the current evidence. However, the government respectfully requests that the Court adopt the parties' calculation, as it was the parties' intent to resolve the case and proceed to sentencing using that offense level:

| | |
|---|---:|
| Base offense level (U.S.S.G. § 2D1.1(a)(5)(B)(ii), (c)(3)) | 31 |
| Safety valve (§ 2D1.1(b)(17)) | -2 |
| Minor participant (§ 3B1.2(b)) | -2 |
| Acceptance of responsibility (§ 3E1.1(b)) | -3 |
| **Adjusted Offense Level** | **24** |

Combined with criminal history category I, the resulting sentencing guidelines range is 51 to 63 months of imprisonment.

## II.   Sentencing Recommendation

The government recommends a mid-range guidelines sentence for two main reasons. First, the Sentencing Guidelines adequately capture the most important aspects of this case, including the amount of methamphetamine the defendant delivered, his minor role, his acceptance of responsibility, and his lack of criminal history. Second, although the PSR cites several mitigating factors, including employment history, family support, and participation in substance abuse treatment programs and self-improvement classes, the balance of the non-guidelines factors weighs more heavily in favor or aggravation, not mitigation.

For example, the defendant's actions implicated and imperiled not only himself, but also his fiancée. Mr. Padilla took her along with him on the trip from Kerman to Gilroy, apparently to use her as part of a cover story in case he was stopped by law enforcement. According to his fiancée, Mr. Padilla told her that he was taking her shopping, then to the beach. Instead, she was in the vehicle with him when he delivered the drugs and, as a result, was arrested and charged by complaint, although the complaint was ultimately dismissed.

In addition, the circumstances of Mr. Padilla's offense conduct suggest that his knowledge of and involvement in drug trafficking is likely greater than just this one delivery. Mere days after arriving from Mexico, Mr. Padilla was entrusted with a significant quantity of drugs over an extended distance:

transporting 17.7 pounds of 99% pure methamphetamine over 100 miles from Kerman to Gilroy, California.  This is not the type of responsibility normally entrusted to a novice drug runner, especially on short notice.  Moreover, the defendant's execution of the drug delivery operation could be best described as smooth and sure.  Aerial surveillance footage shows Mr. Padilla arriving at the delivery site in his vehicle, then quickly and efficiently parking, removing the drugs, walking to the target vehicle, opening the door, placing the drugs inside, and returning to his vehicle.  No missteps, no hesitation.  Again, the indication is that Mr. Padilla's experience as a drug runner exceeds this one delivery.

Considering all of these factors, aggravating and mitigating, a mid-range guidelines sentence would be sufficient, but not greater than necessary, to meet the goals of sentencing.  Consequently, the government respectfully recommends that the Court sentence the defendant to 57 months of imprisonment and 3 years of supervised release.

DATED:  June 11, 2019

Respectfully submitted,

DAVID L. ANDERSON
United States Attorney


 */s/ Scott Simeon*
SCOTT SIMEON
Assistant United States Attorney